# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, *v.* JOHN McKEON, APPELLANT.

*Manslaughter in the first degree — 2 R. S., 661, sec. 6 — One who causes the death of another by an unlawful assault may be convicted under it.*

APPEAL from a judgment of the Court of Sessions of Seneca county, entered upon a conviction of the appellant of the crime of manslaughter in the first degree.

The person killed was Eliza Moreland, a married woman, advanced in pregnancy about seven months at the time of the offense. The evidence tended to show that the defendant after having repeatedly demanded that the deceased let him have liquor at her saloon on a Sunday, and having been refused, with his clenched fist struck the deceased a severe blow upon her right breast, producing premature labor and convulsions, and followed by her death about fourteen hours after the blow was struck.

The indictment contains two counts, the first of which charges that the defendant feloniously assaulted the deceased and inflicted upon her bruises and contusions of which she languished and died; the second count charges that the beating was done in a "cruel and unusual manner."

The court at General Term said: "The only statutory provision under which the conviction could be sustained, if at all, is in the following words: 'The killing of a human being without a design to effect death by the act, procurement or culpable negligence of any other, while such other is engaged: 1. In the perpetration of any crime or misdemeanor not amounting to felony; or, 2. In an attempt to perpetrate any such crime or misdemeanor. In cases where such killing would be murder at the common law, shall be deemed manslaughter in the first degree.' (2 R. S., 661, § 6.)

"In the present case the only crime or misdemeanor in which the defendant was engaged, was the assault and battery upon the person of the deceased, which produced her death. The defendant's counsel contends that in order to bring a case within the definition of manslaughter in the first degree, above quoted, it is necessary to show that the accused was committing or attempting to commit some offense other than that of intentional violence upon the person killed. The question has already received some discussion in the courts, and in the view which we take of the cases the weight of authority must be regarded as adverse to the contention of the accused. The only decision in his support is that made by a divided court in the *People* v. *Butler* (3 Park. C. R., 377). Judge STRONG, who expressed the views of the majority in that case, cited no authority except the opinion of BRONSON, J., in the *People* v. *Rector* (19 Wend., 605). That was a dissenting opinion, and in conflict with it are the opinions of COWEN, J., in the same case (pp. 592–3), and of PARKER, J., in *Darry* v. *The People* (10 N. Y., 161–2), but they were not referred to by Judge STRONG.

The recent case of *Buel* v. *The People* (78 N. Y., 499), in which the Court of Appeals affirmed the decision of the General Term in the Third Department (reported in 18 Hun, 489), we conceive over-rules in effect the decision in the case of Butler. That was a conviction of murder in the first degree under 2 Revised Statute, 657 (§ 5), the language of which is the same as that of the section under

consideration, except that under section 5 an ingredient of the offense is that the person causing the death of another must be engaged at the time in the commission of, or an attempt to commit, a felony, instead of a misdemeanor. The person killed, in that case, was a young woman, and the evidence tended to show that her death resulted from strangulation produced by a strap or rope drawn around her neck by the prisoner while committing a rape upon her. The General Term sustained the conviction upon the ground that the death resulted, not from the rape, but from the strangling, which was an act distinct from the rape. But the Court of Appeals did not consider that view of the matter. The argument of the prisoner's counsel was that as the death resulted directly from the force and violence used in the commission of the rape, the statute did not apply. That contention the court ruled against expressly, and held that if death ensued in consequence of the force and violence used in the commission of the rape, the offense was within the definition of murder in the first degree (p. 497). In the same case, the opinion of BRONSON, J., in the Rector case, and the decision in Butler's case were adverted to and repudiated (p. 500). We think the authority of that case requires us to overrule the contention of the appellant's counsel, and to hold that as the jury have found that the death was caused by the defendant while he was engaged in the commission of the assault and battery upon the deceased, the case is within the statutory definition of manslaughter in the first degree.

"It is insisted by the appellant's counsel that the case is not within the statute, for the reason that it would not have constituted murder at the common law. We understand the common law to have been otherwise. 'Where,' says Russell, in his treatise on Crimes, 'the intent is to do some great bodily harm to another, and death ensues, it will be murder; as if A. intend only to *beat* B., in anger or from pre-conceived malice, and happen to kill him, it will be no excuse that he did not intend all the mischief that followed, for what he did was *malum in se*, and he must be answerable for its consequences. He beat B. with an intention of doing him some bodily harm, and is therefore answerable for all the harm he did.' (Vol. 1, p. 540; see, also, 1 East's Crim. Law, 256, § 32; and Foster's Crim. Law, 261, § 3.)

" In cases where the use of force was not *malum in se*, as where a master undertook to correct his servant, or a schoolmaster his scholar, causing death, it must have appeared that the beating was in a cruel and unusual manner, in order to constitute murder, but we do not understand that was a requisite in cases of unjustifiable beating." * * *

*Manning & Kendig* and *George Raines*, for the appellant.

*William C. Hazelton*, district-attorney, and *Peter H. Van Auken*, for the respondent.

Opinion by SMITH, P. J.; HARDIN and BARKER, JJ., concurred.

Conviction and judgment affirmed.